Gove *v.* Epping.

## GOVE *v.* EPPING.

A town is not liable to pay to its selectmen a sum which it has voted to pay them, for costs and damages sustained by them in resisting criminal prosecutions, brought against them for refusing to erase names from the check-list.

ASSUMPSIT, submitted upon the following agreed statement of facts:

At the annual meeting of the town of Epping, in March, 1856, the plaintiffs, Jonathan Gove and others, were duly elected and qualified as selectmen of said town for the year ensuing. On the 10th day of March, and during said year, at a meeting duly notified and holden for the purpose of correcting the alphabetical list of the legal

voters of said town, the plaintiffs, selectmen as aforesaid, though thereto requested, refused to erase from the list the names of two persons, alleged by the parties so requesting not to be legal voters in the town ; and such proceedings were thereafterward had that two indictments were found against the plaintiffs for such refusal, and at the October term, 1858, of this court, upon trial of one of the indictments, the plaintiffs were by a verdict of the jury acquitted of the charges contained therein, and the other indictment was thereupon dismissed.

In the preliminary examination before the magistrate, and in defending the prosecution under said indictments, the plaintiffs expended more than two hundred dollars.

At a meeting of the legal voters of said town, duly warned in March, 1859, a proper article therefor having been inserted in the warrant for said meeting, the town voted to pay the plaintiffs the sum of two hundred dollars, to indemnify them from the costs and damages sustained by them in defending said prosecutions; and on the eleventh day of March, and after the meeting, the plaintiffs duly demanded of the town the said sum of two hundred dollars, which was not paid, and this suit was thereupon brought to recover said sum, with the interest thereon.

*Wilcox* and *Frink*, for the plaintiffs.

In this case, as it seems to us, two questions arise : 1. Were the plaintiffs, at the time they committed the acts for which the prosecutions were instituted against them, acting in the *bonâ fide* discharge of their duty, in their official capacity as selectmen ? 2. Have towns the power to indemnify their officers or agents against any charge or liability incurred in the discharge of their official duty ? Upon these questions we take the following positions :

The regulation of the check-list is made by statute the

duty of the selectmen, as officers of the town, as much as the posting of the warrant, assessment of the taxes, or any other act which is required of them in their official capacity. Comp. Stat., ch. 26, sec. 125; ch. 34, secs. 23, 24; ch. 36, sec. 2; ch. 45, sec. 3.

Towns have power to indemnify their officers and agents against any charge or liability they may incur, in the *bonâ fide* discharge of their duty, even though it should turn out, on investigation, that they mistook their legal rights and authority; and this power extends to selectmen, as well as to any other officer or agent. *Pike* v. *Middleton,* 12 N. H. 280; *Nelson* v. *Milford,* 7 Pick. 18; *Bancroft* v. *Lynnfield,* 18 Pick. 566; *Thayer* v. *Boston,* 19 Pick. 516.

The vote of the town to pay these plaintiffs a certain sum, to indemnify them for the sums expended in defending the prosecutions against them, was valid and binding; and the verdict of the jury, acquitting them of the charges preferred against them, is conclusive that they acted in good faith, and did not mistake their legal rights and authority. *Adams* v. *Mack,* 3 N. H. 499; *Batchelder* v. *Epping,* 28 N. H. 354; *Nelson* v. *Milford,* before cited. To hold otherwise would be contrary to public policy, and subversive of the best interests of towns.

*Christie,* for the defendants.

1. Towns can appropriate moneys derived from taxation only to the purposes for which they are authorized by law to assess and collect them. Towns have no power to assess and collect taxes to "give away." *Hooper* v. *Emery,* 2 Shepl. 375. "It is now well settled that a town, in its corporate capacity, will not be bound, even by the express vote of a majority, to the performance of contracts, or other legal duties, not coming within the scope of the objects and purposes for which they are incorporated." *Anthony* v. *Adams,* 1 Met. 286. A gratuity or bonus, which may well come from individual bounty, cannot be

the subject of legal exaction. *Stetson* v. *Kempton*, 13 Mass. 281. See also *Tash* v. *Adams*, 10 Cush. 252, and *Claflin* v. *Hopkinton*, 4 Gray 502.

2. This case does not come within the principle that towns may indemnify their officers and agents, against any liabilities they may incur for acts done by them, in their official capacity, acting in behalf of the town, and in a matter in which the town had a direct and important interest. The selectmen, in preparing a check-list, do not act in behalf of the town; nor is the preparation of such a list a matter in which the interests of the town are directly involved. A check-list need not be used in voting for town officers, or upon town affairs. It is required to be used only in voting for State and county officers, representatives in Congress, and electors of President and Vice-President. Comp. Stat., ch. 26, sec. 1; *Morrill* v. *Haines*, 2 N. H. 246. In preparing the check-list, the selectmen are *quasi* civil officers of the State government, though elected by the town. The interests of the town were not in any way involved in the criminal prosecution against the selectmen. The town had nothing at stake upon the result of the litigation. It was not responsible for the fidelity of the selectmen, in regard to the check-list. It could not gain by their diligence, or lose by their official inattention or carelessness. A municipal corporation is not liable for the misfeasance or non-feasance of one of its officers, in respect to a duty specifically imposed by statute on the officer. *Martin* v. *Mayor of Brooklyn*, 1 Hill 545, 551. In *Vincent* v. *Nantucket*, 12 Cush. 103, it was held that a town is not bound, by its corporate vote, to pay the expenses of a field-driver, in defending a suit, brought against him for taking up and impounding cattle, running at large contrary to law. See also *Hale* v. *Cushman*, 6 Met. 425.

3. The cases of *Bancroft* v. *Lynnfield*, 18 Pick. 566, and *Pike* v. *Middleton*, 12 N. H. 278, are widely different from the case at bar. In the former case, it was held that a

town could legally vote to indemnify a surveyor of high-ways against liabilities incurred in the discharge of his duties. The court put their decision upon the ground that the town had a "right to adopt the act, for they were interested in the subject, being bound to keep the highway in repair;" and most of the expenses sought to be recov-ered, in that suit, were incurred under the authority of a previous vote of the town, that they would defend the action. *Pike* v. *Middleton* decides that "towns may bind themselves by vote to indemnify a collector of taxes from the costs and expenses of defending actions brought against him, for acts done in the performance of his duties." The decision appears to be based upon the fol-lowing reasoning: "A collector is not bound to accept the office to which he is elected; the statute expressly excuses him from serving, unless he choose. When there is reason to apprehend difficulties in the collection of a tax, from whatever cause they may arise, the interests of the town might suffer severely, if an indemnity could not be offered. For non-collection of a tax, a town may be liable to a penalty, or to suit by its creditors." In that case, too, the promise to indemnify was made when the collector entered upon office, and before any liability was incurred. In *Bachelder* v. *Epping*, 28 N. H. 354, the plain-tiff was employed by the town to perform certain services. He did so; and the town was held bound to compensate him for services rendered and money expended. That case differs essentially from this.

We think that *Nelson* v. *Milford*, 7 Pick. 18, also cited by the plaintiffs, is an authority in our favor. In that case, there was a vote of the town to pay the assessors the amount they had been obliged to refund to individuals, in consequence of assessing, collecting, and paying over to the State, county, and town, the taxes due to them respec-tively, the assessment having been held to be illegal. It was held that, under this vote, the assessors were entitled

to recover the amount they had paid to the town for the use of the town, but that they could not recover of the town the amount of the State and county taxes which they had been obliged to refund. The court said : "But there is a portion of the money sued for which does not fall within this principle. Over the State and county tax, the inhabitants of the town, in their corporate capacity, have no control. The apportionment on the town is fixed by the legislature and court of sessions, respectively. The assessment is not made by authority of the town, and the tax, when collected, is not paid into the town treasury. The town has no special benefit from it, nor any control over it, nor was it paid by the assessors in behalf of or to the use of the town. We think, therefore, that the promise to pay this is without consideration and therefore void." These remarks apply to this case. The cases cited by the plaintiffs go to sustain our position—that towns can indemnify their officers only for acts done by them in behalf of the town, and in relation to matters in which the town has a direct and special interest. The vote, in this case, was nothing more than a mere attempt to make a present to the selectmen, to compensate for liabilities incurred in relation to a matter in which the town, in its corporate capacity, had no interest; and the attempt to vote this gratuity was not made until after the litigation was all ended.

Doe, J. This action cannot be maintained. In correcting the check-list, the plaintiffs were acting, not as agents or servants of the town, under its direction and control, but in an official and judicial capacity; and no promise can be implied, on the part of the town, to indemnify them against the consequences of their action. *Wadsworth* v. *Henniker*, 35 N. H. 189.

The plaintiffs rely upon the express promise contained in the vote of the town. The power of towns to raise

and appropriate money, is derived solely from statutory provisions, which restrict the power to certain specified objects, and other necessary charges. Votes to raise or to pay money for purposes other than those prescribed by statute, are void, and towns cannot be compelled, and, generally, will not be permitted to carry such votes into effect. There is a broad distinction between giving an indemnity to officers of a town, or other persons, for losses sustained or liabilities incurred, in proceedings legally authorized by the town, or affecting the corporate interests of the town, and the bestowment of gratuities upon officers who have sustained losses or incurred liabilities, in the performance of official duties which do not concern the rights or obligations of the town, or upon other persons, who have met with misfortunes in their private affairs. It is not left to the unrestricted and irresponsible discretion of towns to vote gifts or to select donees; their charity is a duty defined, commanded, enforced, and regulated, and the objects of it are designated by law. A majority cannot dispose of the property of a minority in an unlimited manner. The fact that the person whom a town votes to indemnify, holds a town office, or any other office, is not the test of the right of the town to indemnify him for any act. The question is, whether he was properly authorized by the town to do the act, or whether the act was any part of the business or duty of the town, or one in which the town, as a corporation, is so interested that it may ratify and adopt it. Thus a town may indemnify a surveyor of highways, for liabilities incurred in the bonâ fide discharge of his duties, because the town, being bound to repair highways, and being responsible for defects in them, has such an interest in the subject that it can adopt the acts of the surveyor, acting as the agent of, and for the benefit of the town, in a matter of town affairs. His duties are the duties of the town. Bancroft v. Lynnfield, 18 Pick. 566. Votes and contracts of towns are valid when they

relate to objects concerning which they have a duty to perform, an interest to protect, or a right to defend. *Vincent* v. *Nantucket*, 12 Cush. 183. In the correction of the check-list, the town, in its corporate capacity, has no right, interest, or duty whatever. If the selectmen perform their duty in correcting it, the town gairs nothing; and if the selectmen neglect their duty, the town is subject to no loss, penalty, or liability.

*Judgment for the defendants.*